UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
                                                                    :
RUDOLPH ERB et al.,                                                 :
                                                                    :   07 Civ. 11495 (TPG)
                              Plaintiffs,                           :
                                                                    :
            -against-                                               :   **ANSWER**
                                                                    :
THE REPUBLIC OF ARGENTINA,                                          :
                                                                    :
                              Defendant.                            :
                                                                    :
                                                                    :
------------------------------------------------------------------- X

    Defendant the Republic of Argentina (the "Republic"), as and for its answer to the Complaint, dated December 20, 2007 (the "Complaint"), respectfully states as follows:

    1.  The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1 of the Complaint, except admits that it entered into a Fiscal Agency Agreement dated October 19, 1994 (the "1994 FAA"), and refers to the 1994 FAA for its true and correct contents. The Republic admits that it issued a bond having ISIN US040114FC91.

    2.  The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2 of the Complaint, except admits that it entered into Fiscal Agency Agreement dated December 10, 1993 (the "1993 FAA"), and refers to the 1993 FAA for its true and correct contents. The Republic admits that it issued a bond having ISIN US040114AH34.

    3.  The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3 of the Complaint, except admits that it entered into

the 1994 FAA, and refers to the 1994 FAA for its true and correct contents. The Republic admits that it issued a bond having ISIN US040114AR16.

4. The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4 of the Complaint, except admits that it entered into a Floating Rate Bond Agreement dated December 6, 1992 (the "1992 FRB Agreement"), and refers to the 1992 FRB Agreement for its true and correct contents. The Republic admits that it issued a bond having ISIN XS0043120236.

5. The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5 of the Complaint, except admits that it entered into the 1993 FAA, and refers to the 1993 FAA for its true and correct contents. The Republic admits that it issued a bond having ISIN US040114AH34.

6. The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6 of the Complaint, except admits that it entered into the 1994 FAA, and refers to the 1994 FAA for its true and correct contents. The Republic admits that it issued bonds having ISINs US040114AN02, US040114BE93, US040114GG96 and US040114GG79.

7. The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7 of the Complaint, except admits that it entered into the 1994 FAA, and refers to the 1994 FAA for its true and correct contents. The Republic admits that it issued a bond having ISIN US040114AR16.

8. The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8 of the Complaint, except admits that it entered into a

the 1992 FRB Agreement, and refers to the 1992 FRB Agreement for its true and correct contents. The Republic admits that it issued a bond having ISIN XS0043120236.

9. Paragraph 9 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required. The Republic otherwise admits that it is a foreign state as defined in 28 U.S.C. § 1603(a).

10. Paragraph 10 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required.

11. Paragraph 11 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required.

12. In response to Paragraph 12 of the Complaint, the Republic repeats and realleges each and every response to Paragraphs 1, 3, 6-7 and 9-11 of the Complaint.

13. The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13 of the Complaint.

14. Paragraph 14 of the Complaint purports to characterize the contents of a written document, which document speaks for itself. The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 14 of the Complaint for its true and correct contents.

15. Paragraph 15 of the Complaint purports to characterize the contents of a written document, which document speaks for itself. The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 15 of the Complaint for its true and correct contents.

16. Paragraph 16 of the Complaint purports to characterize the contents of a written document, which document speaks for itself. The Republic denies such characterizations

inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 16 of the Complaint for its true and correct contents. The Republic otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16 of the Complaint.

17.     The Republic denies the allegations contained in Paragraph 17 of the Complaint.

18.     Paragraph 18 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required. The Republic otherwise denies the allegations contained in Paragraph 18 of the Complaint.

19.     The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19 of the Complaint. Paragraph 19 of the Complaint otherwise purports to characterize the contents of written documents, which documents speak for themselves. The Republic denies such characterizations inconsistent with the contents of the referenced documents and refers to the documents cited in Paragraph 19 of the Complaint for their true and correct contents.

20.     The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20 of the Complaint, except admits that since December 2001 it has not paid interest or principal on nonperforming debt.

21.     Paragraph 21 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required. The Republic otherwise denies the allegations contained in Paragraph 21 of the Complaint.

22.     In response to Paragraph 22 of the Complaint, the Republic repeats and realleges each and every response to Paragraphs 2, 5 and 9-11 of the Complaint.

23. The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23 of the Complaint.

24. Paragraph 24 of the Complaint purports to characterize the contents of a written document, which document speaks for itself. The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 24 of the Complaint for its true and correct contents.

25. Paragraph 25 of the Complaint purports to characterize the contents of a written document, which document speaks for itself. The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 25 of the Complaint for its true and correct contents.

26. Paragraph 26 of the Complaint purports to characterize the contents of a written document, which document speaks for itself. The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 26 of the Complaint for its true and correct contents. The Republic otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 26 of the Complaint.

27. The Republic denies the allegations contained in Paragraph 27 of the Complaint.

28. The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 28 of the Complaint. Paragraph 28 of the Complaint otherwise purports to characterize the contents of written documents, which documents speak for themselves. The Republic denies such characterizations inconsistent with the contents of the

referenced documents and refers to the documents cited in Paragraph 28 of the Complaint for their true and correct contents.

29. The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 29 of the Complaint, except admits that since December 2001 it has not paid interest or principal on nonperforming debt.

30. Paragraph 30 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required. The Republic otherwise denies the allegations contained in Paragraph 30 of the Complaint.

31. In response to Paragraph 31 of the Complaint, the Republic repeats and realleges each and every response to Paragraphs 4 and 8-11 of the Complaint.

32. The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 32 of the Complaint.

33. Paragraph 33 of the Complaint purports to characterize the contents of a written document, which document speaks for itself. The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 33 of the Complaint for its true and correct contents.

34. Paragraph 34 of the Complaint purports to characterize the contents of a written document, which document speaks for itself. The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 34 of the Complaint for its true and correct contents.

35. Paragraph 35 of the Complaint purports to characterize the contents of a written document, which document speaks for itself. The Republic denies such characterizations

inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 35 of the Complaint for its true and correct contents.

36. The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 36 of the Complaint, except admits that since December 2001 it has not paid interest or principal on nonperforming debt.

37. Paragraph 37 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required. The Republic otherwise denies the allegations contained in Paragraph 37 of the Complaint.

### First Affirmative Defense

38. The Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense[1]

39. Plaintiffs' claims are barred by the act of state doctrine.

### Third Affirmative Defense

40. To the extent plaintiffs are not acting in good faith in commencing and prosecuting this action, plaintiffs are barred from enforcing any rights they may otherwise have.

### Fourth Affirmative Defense

41. Plaintiffs' claims are barred by the doctrine of unclean hands.

---

[1] The Republic recognizes that the Court has addressed the Second and Fifth Affirmative Defenses listed herein. See Lightwater Corp. Ltd. v. Republic of Argentina, No. 02 Civ. 3804 (TPG), 2003 WL 1878420, at *5 (S.D.N.Y. Apr. 14, 2003). The Republic pleads these Affirmative Defenses here to preserve them for potential appellate review. In connection with the Sixth Affirmative Defense facts may exist in the present case that were not before the Court in the cases covered by the Lightwater and EM Ltd. v. Argentina, No. 03 Civ. 2508 (TPG), 2003 WL 22120745 (S.D.N.Y. Sept. 12, 2003) (amended Sept. 16, 2003) Orders.

### Fifth Affirmative Defense

42. Plaintiffs' claims are barred by the doctrine of abuse of rights.

### Sixth Affirmative Defense

43. Plaintiffs' claims are barred by N.Y. Judiciary Law Section 489.

### Seventh Affirmative Defense

44. Plaintiffs' interest claims, if any, arising before December 20, 2002 are barred in part by the applicable statute of limitations/prescription period.

### Eighth Affirmative Defense

45. Plaintiffs lacks standing and/or capacity to sue, because they are not holders of bonds within the meaning of the 1994 FAA, 1993 FAA, or 1992 FRB Agreement.

WHEREFORE, the Republic respectfully requests that the Court enter an order:

(a) dismissing plaintiffs' claims with prejudice;

(b) awarding the Republic costs and disbursements, including reasonable attorneys' fees; and

(c) granting the Republic such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       February 25, 2008

CLEARY GOTTLIEB STEEN & HAMILTON LLP

By: _____
   Jonathan I. Blackman (jblackman@cgsh.com)
   Carmine D. Boccuzzi (cboccuzzi@cgsh.com)

One Liberty Plaza
New York, New York 10006
(212) 225-2000

Attorneys for the Republic of Argentina