Marc S. Dreier (MD-9713)
Joel A. Chernov (JC-8789)
Regina M. Alter (RA-7014)
DREIER LLP
499 Park Avenue
New York, New York 10022
(212) 328-6100

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x

RUDOLPH ERB, *et al.*,

                         Plaintiffs,

            -against-

THE REPUBLIC OF ARGENTINA,

                         Defendant.

------------------------------------------------------------------x

07 CV 11495 (TPG)

**STATEMENT OF MATERIAL FACTS PURSUANT TO LOCAL RULE 56.1**

       Pursuant to Local Rule 56.1, plaintiffs submit the following Statement of Material Facts as to which there is no genuine issue to be tried:

       1.    Plaintiffs acquired certain bonds issued by defendant the Republic of Argentina ("Argentina") (the "Bonds") and continue to own them. *See* the accompanying declarations of plaintiff Jose L. Peluso, dated April 17, 2008 (the "Peluso Dec.") plaintiff Silvia Beatriz Ovejero, dated April 14, 2008 (the "Ovejero Dec."), plaintiff Rudolf Erb, dated April 10, 2008 (the "Erb Dec."), plaintiff Eduardo Hector Sorroche, dated April 22, 2008 (the "Sorroche Dec."), plaintiff Cesare De Iuliis, dated May 9, 2008 (the "Iuliis Dec.").

       2.    In support of their motion for summary judgment, Plaintiffs submitted the following documents:

{00365992.DOC;}

- Plaintiff Jose L. Peluso attached to the Peluso Dec. an account statement from UBS, dated as of February 2008, demonstrating Mr. Peluso's current ownership of Bonds issued by Argentina pursuant to (1) the a Fiscal Agency Agreement, dated as of October 19, 1994 (the "1994 FAA") in the aggregated principal amount of $230,000, having the ISIN No. US04011AR16 and CUSIP No. 040114AR1; and (2) a Floating Rate Bond Exchange Agreement, dated as of December 6, 1992, and the exhibits annexed thereto (the "FRB Agreement") in the aggregate principal amount of $93,000, having the ISIN No. XS0043120236.
- Plaintiffs Silvia Beatriz Ovejero and David de Lafuente attached to the Ovejero Dec. account statements from UBS, Merrill Lynch and Lehman Brothers as of March 31, 2008, demonstrating their ownership of Bonds issued by Argentina pursuant to (1) a Fiscal Agency Agreement, dated December 10, 1993 (the "1993 FAA") in the aggregate principal amount of $30,000, having the ISIN No. US040114AH34 and CUSIP No. 040114AH3; and (2) the 1994 FAA in the aggregate principal amounts of (i) $155,000, having the ISIN No. US04011AN02 and CUSIP No. 040114AN0; (ii) $55,000, having the ISIN No. US040114BE93 and CUSIP No. 040114BE9; (iii) $405,000, having the ISIN No. US040114GG96 and CUSIP No. 040114GG9; and (iv) $51,000, having the ISIN No. US040114GH79 and CUSIP No. 040114GH7.
- Plaintiffs Rudolf and Christina Erb attached to the Erb Dec. an account statement from their bank Direktanlage at AG, dated as of March 28, 2008, with a true and correct translation thereof, demonstrating their current ownership of the Bonds issued pursuant to (1) the 1994 FAA in the aggregate principal amount of $41,000, having the ISIN No. US04011FC91 and CUSIP No. 040114FC9; and (2) 1993 FAA in the aggregate principal amount of $20,000, having the ISIN No. US040114AH34 and CUSIP No. 040114AH3.
- Plaintiffs Eduardo Hector Sorroche, Susana Alicia Costa, Diego Marcos Sorroche and Veronica Sorroche attached to the Sorroche Dec. an account statement from their bank ABN AMRO Bank, dated as of April 11, 2008, with a true and correct translation thereof, demonstrating their current ownership of the Bonds issued pursuant to the FRB Agreement in the aggregate principal amount of $388,000, having the ISIN No. XS0043120236.
- Plaintiffs Cesare De Iuliis and Mirta Beatrice Mandolino attached to the Iuliis Dec. the most recent account statement from their bank Antonveneta ABN AMRO, dated December 31, 2007,[1] with a true and correct translation thereof, and a letter from their bank, dated May 9, 2008, with a true and correct translation thereof, demonstrating their current ownership of the Bonds issued pursuant to the 1994 FAA in the aggregate principal

---

[1] Plaintiffs explain in the Iuliis Dec. that their bank, Antonveneta ABN AMRO, only issues statements every six (6) months. As such, plaintiffs also attach a current letter from their bank further demonstrating their current ownership of the Bonds.

amount of $124,000, having the ISIN No. US04011AR16 and CUSIP No. 040114AR1.

3. These documents indisputably demonstrate plaintiffs' continued ownership of the Bonds.

A. **The Bonds**

4. Argentina issued the Bonds pursuant to three different agreements: (i) 1993 FAA; (ii) 1994 FAA; and (iii) FRB Agreement, among others.[2]

5. In each of those agreements, Argentina expressly agreed (i) to submit to the jurisdiction of this Court; (ii) that service of process could be made on it by serving its agent, Banco de la Nacion Argentina, here in New York City; (iii) to waive any claim of sovereign immunity; and (iv) that each of the agreements and the bonds issued pursuant thereto would be governed by and construed in accordance with the laws of the State of New York. *See* Compl. Ex. A §§ 22 & 23; Ex. B ¶ 20; Ex. D § 6.07.

6. Argentina further agreed that its failure to pay interest when due and/or the declaration of a moratorium on its payment obligations would constitute an event of default, entitling each bondholder to institute a lawsuit. *See* Compl. Ex. A § 12; Ex. C at pp. 7-8; Ex. E, Exhibits 1A, 1B, § 9.

7. Section 12 of the 1994 FAA and the Form of Global Bond annexed to the 1993 FAA further provide that following either of the foregoing events of default, a note holder, *i.e.*, plaintiffs herein, may give Argentina written notice and declare the principal amount of such Securities held by them to be due and payable immediately. *See* Compl. Ex. A § 12; Ex. C at p.

---

[2] True and correct copies of the 1994 FAA, 1993 FAA and Exhibit 1 thereto (Form of Global Bond) and the FRB Agreement and the exhibits thereto are annexed as Exhibits A, B, C, D and E to the Complaint, dated December 20, 2007, which is annexed to the Declaration of Regina M. Alter, dated June 25, 2008 ("Alter Declaration") as Exhibit 1.

8.

### B.  Argentina's Default On The Bonds

8. On December 24, 2001, Argentina defaulted on the Bonds when it declared a moratorium on payments of principal and interest with respect to all of its foreign debt, including all payments due plaintiffs. *See Mazoral v. The Republic of Argentina*, No. 04 Civ. 3313 (TPG), Slip Op. at 2 (S.D.N.Y. May 4, 2006) (the "*Mazoral* Decision"); *Moldes v. The Republic of Argentina*, No. 04 Civ. 6137 (TPG), Slip Op. at 2 (S.D.N.Y. May 4, 2006) (the "*Moldes* Decision"); *Prima v. The Republic of Argentina*, No. 04 Civ. 1077 (TPG), Slip Op. at 2 (S.D.N.Y. May 4, 2006) (the "*Prima* Decision"); *Morata v. The Republic of Argentina*, 04 Civ. 3314 (TPG) Slip Op. at 2 (S.D.N.Y. May 9, 2006) (the "*Morata* Decision"); *Sauco v. The Republic of Argentina*, 05 Civ. 3955 (TPG) Slip Op. at 2 (S.D.N.Y. May 15, 2006) (the "*Sauco* Decision"); *Lightwater Corp. Ltd. v. The Republic of Argentina*, No. 02 Civ 3804, 02 Civ. 3808, 02 Civ. 5932 (TPG), 2003 WL 1878420, at *2 (S.D.N.Y. Apr. 14, 2003) (the "*Lightwater* Decision"); *EM Ltd. v. The Republic of Argentina*, No. 03 Civ 2507 (TPG), 2003 WL 22120745, at *2 (S.D.N.Y. Sept. 12, 2003) (the "*EM Ltd.* Decision").

9. Since declaring the moratorium, Argentina has further defaulted by failing to make any payment of interest or principal on any of its foreign debt, including the Bonds here at issue.

10. In fact, Argentina concedes that "since December 2001 it has not paid interest or principal" in connection with Bonds issued pursuant to the 1993 FAA, the 1994 FAA and the FRB Agreement. Ans. at ¶¶ 20, 29 and 36.[3]

11. This Court has already determined that Argentina's obligation to pay these

---

[3] A true and correct copy of the Answer to the Complaint, dated February 25, 2008 (the "Answer" or "Ans.") is annexed to the Alter Declaration as Exhibit 2.

{00365992.DOC;}4

amounts is unconditional, and that Argentina's failure to do so constitutes events of default. *See Mazoral* Decision at 2 (finding that the Court has jurisdiction and that plaintiffs have unconditional legal right to collect the unpaid interest and to accelerate on bonds issued under the 1993 FAA and the 1994 FAA, among others); *Moldes* Decision at 2 (finding that the Court has jurisdiction and that plaintiffs have unconditional legal right to collect the unpaid interest and to accelerate on bonds issued under the 1994 FAA, among others); *Prima* Decision at 2 (finding that the Court has jurisdiction and that plaintiffs have unconditional legal right to collect the unpaid interest and to accelerate on bonds issued under the 1993 FAA and the 1994 FAA, among others); *Mazzini* Decision at *3 (finding that the Court has jurisdiction and that plaintiffs have unconditional legal right to collect the unpaid interest and to accelerate on bonds issued under the 1993 FAA and the 1994 FAA, among others); *Lightwater* Decision at *4 (finding Argentina's obligation unconditional after it had defaulted and bondholder plaintiffs had accelerated obligations on bonds). *See also EM Ltd.* Decision at *2 (finding "nothing in the record to distinguish this case as to EM's unconditional legal right to collect on the bonds").

12. By reason of Argentina's default, and in accordance with Section 12 of the 1994 FAA and page 8 of the 1993 Global Bond Form, by letter dated December 19, 2007, plaintiffs provided Argentina with written notice that they was declaring the principal and interest on the Bonds issued pursuant to the 1993 FAA and the 1994 FAA to be due and payable. *See* Compl. at ¶¶ 19 and 28.

Dated: New York, New York
      June 25, 2008

                                                  **DREIER LLP**

                                                  By: /s/ *signature*
                                                  Marc S. Dreier (MD-9713)
                                                  Joel A. Chernov (JC-8789)
                                                  Regina M. Alter (RA-7014)

499 Park Avenue
New York, New York 10022
(212) 328-6100

*Attorneys for Plaintiffs*